IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANNY LYNN DANIELS,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELA REDDISH-DAY, et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case #4:22-cv-00051-JNP-PK<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Paul Kohler |

  This case is referred to the undersigned from District Judge Jill N. Parrish pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is before the Court for *sua sponte*[1] screening of Plaintiff's Complaint. For the reasons discussed, the Court recommends this action be dismissed.

## I. BACKGROUND

  Plaintiff, proceeding *pro se*[2] and *in forma pauperis*,[3] filed this civil rights action in August 2022. Plaintiff alleges that his constitutional rights were violated when he was subjected to an unlawful search and seizure. That search led to the discovery of the firearms that provided the basis for him being charged with being a felon in possession of firearms and ammunition.[4] In addition to claiming that this charge stemmed from a constitutionally defective search, Plaintiff

---

[1] *Sua Sponte*, Black's Law Dictionary (11th ed. 2019) ("Without prompting or suggestion; on its own motion.").

[2] *Pro Se*, Black's Law Dictionary (11th ed. 2019) ("One who represents oneself in a court proceeding without the assistance of a lawyer.").

[3] *In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019) ("In the manner of an indigent who is permitted to disregard filing fees and court costs.").

[4] Case No. 4:19-cr-00064-TS, Docket No. 1.

alleges that he received ineffective assistance of counsel by his court-appointed counsel in his underlying criminal case in violation of the Sixth Amendment. Plaintiff also alleges that the prosecutor and the United States Probation Office violated his constitutional rights. Plaintiff seeks declaratory relief and monetary damages.

## II.  DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[5]

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally,[6] but will not assume the role of advocate for a *pro se* litigant.[7] "A district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."[8]

---

[5] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[6] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation marks and citation omitted).

A.      HECK v. HUMPHREY

The Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."[9] *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."[10] *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[11]

Plaintiff alleges that Defendants violated his constitutional rights during his underlying criminal proceeding. Plaintiff first claims that he was subject to an unlawful search and seizure. These allegations "necessarily imply the invalidity of his sentence because it would have been based upon evidence gathered during an illegal [search] and thus would have to be suppressed."[12] Without the evidence uncovered during the allegedly unlawful search, Plaintiff could not have been convicted. Additionally, Plaintiff alleges that he received ineffective assistance of counsel during that proceeding. This claim is similarly barred by *Heck* because it

---

[9] *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

[10] *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

[11] *Heck*, 512 U.S. at 486.

[12] *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011).

implies the invalidity of his conviction and sentence.[13] This is exactly the type of claim prohibited by *Heck*.[14]

*Heck* requires that, when a plaintiff requests damages in a § 1983 suit, the Court decides whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid.[15] Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid. Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[16] Since Plaintiff's conviction and sentence have not been invalidated, his claims under § 1983 are subject to dismissal.

B.   PROSECUTORIAL IMMUNITY

Plaintiff makes vague claims that the prosecutor in his underlying criminal case engaged in unethical and unprofessional conduct.[17] The Tenth Circuit has held that "a prosecutor's activities related to initiating and pursuing a criminal prosecution and presenting the state's case at trial are absolutely immune from liability."[18] Though less than clear, Plaintiff's allegations

---

[13] *Holly v. Gotcher*, 427 F. App'x 634, 635–36 (10th Cir. 2011) (finding that claims of ineffective assistance of counsel were barred by *Heck*); *Parker v. Utah*, 502 F. App'x 787, 789 (10th Cir. 2012) ("Parker's ineffective assistance of counsel claim would, if successful, necessarily imply the invalidity of his conviction or sentence.") (internal quotation marks omitted).

[14] *Heck*, 512 U.S. at 486.

[15] *Id.* at 487.

[16] *Id.*

[17] Docket No. 24-1, at 1.

[18] *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 704 (10th Cir. 2014).

appear to relate to the prosecutor's efforts in initiating and pursuing the criminal prosecution in the underlying case. In light of this, Plaintiff's claims against the prosecutor are subject to dismissal.

C.      DEFENSE COUNSEL

Plaintiff asserts a claim against his former defense counsel under 42 U.S.C. § 1983 and *Bivens*. "A prerequisite to any relief under section 1983 is that the defendant has acted under color of state law."[19] Where a plaintiff alleges that a defendant violated his constitutional rights while acting under color of federal law, the claims should be brought under *Bivens*.[20]

The Supreme Court has made clear that public defenders do not act under color of state law for purposes of § 1983 "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[21] Similarly, public defenders appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*.[22] Plaintiff's allegations against his former attorney relate to that attorney's representation of Plaintiff in his underlying criminal case. Therefore, Plaintiff's § 1983 and *Bivens* claims against his prior defense attorney are subject to dismissal.

---

[19] *Barnard v. Young*, 720 F.2d 1188, 1188–89 (10th Cir. 1983).

[20] *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) ("Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.") (internal citations omitted).

[21] *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

[22] *Allred v. McCaughey*, 257 F. App'x 91, 93 (10th Cir. 2007).

D.     PROBATION OFFICERS

Plaintiff also seeks to assert claims against two United States Probation Officers. Probation officers are absolutely immune from civil damages where the challenged activity involves judicial functions.[23] Plaintiff's allegations are sparse, but they appear to be related to activities "intimately associated with the judicial phase of the criminal process" and are, therefore, protected by immunity.[24]

E.     STATE LAW CLAIMS

In addition to his constitutional claims, Plaintiff asserts various state law claims. Where "district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[25] However, a "district court[] may decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction."[26] "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[27]

---

[23] *Tripati v. U.S. Immigr. & Naturalization Serv.*, 784 F.2d 345, 347–48 (10th Cir. 1986).
[24] *Id.* at 347.
[25] 28 U.S.C. § 1367(a).
[26] *Id.* § 1367(c)(3).
[27] *Koch v. City of Del City, Okla.,* 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); s*ee also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] case properly belongs in state court . . . when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain."); *see also* Charles Alan Wright & Arthur R. Miller, 13D Federal Practice & Procedure § 3567.3 (3d ed. 2019) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal] claims are dismissed before trial.").

In deciding whether to retain jurisdiction, a district court considers factors including "the values of judicial economy, convenience, fairness, and comity."[28] Considering these factors, it is recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims if the federal claims are dismissed. This case is in its early stages and any remaining state claims belong in state court.

## RECOMMENDATION

For these reasons, the undersigned recommends that Plaintiff's federal claims be dismissed with prejudice, decline supplemental jurisdiction over Plaintiff's state law claims, and dismiss those claims without prejudice.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED January 27, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

---

[28] *Carnegie-Mellon Univ.*, 484 U.S. at 350.